IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**TROY AURELIUS TITUS,**

    **Petitioner,**

v.                                                    **CRIMINAL ACTION NO. 2:08-cr-154(1)**

**UNITED STATES OF AMERICA,**

    **Respondent.**

*MEMORANDUM OPINION AND ORDER*

Before the Court is Troy Aurelius Titus's ("Petitioner") Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A). ECF No. 333 ("Pet'r's Mot."). The Government opposed the motion. ECF No. 339 ("Resp. Opp'n"). This matter is now ripe for judicial determination. For the reasons below, Petitioner's motion is **DISMISSED WITHOUT PREJUDICE.**

### I.     FACTUAL AND PROCEDURAL HISTORY

On December 18, 2009, a jury found Petitioner guilty on thirty-three counts of the Superseding Indictment, charging Petitioner with conspiracy to commit mail and wire fraud, wire fraud, mail fraud, promotional money laundering, and financial transactions with criminally derived property. ECF No. 214. According to his Presentencing Report ("PSR"), Petitioner was an attorney licensed to practice in the Commonwealth of Virginia. ECF No. 311 ¶ 6. He later transitioned to a real estate investment practice. *Id.* ¶ 7. Petitioner used his relationships with clients to become trustee of their accounts, launder money, make false promises to investors to obtain their funds, give victims fraudulent promissory notes and worthless deeds of trust, and use the funds to pay other victims and for his personal and business expenses. *Id.* ¶ 205. The Government identified over 40 victims. *Id.* ¶ 166-203. On April 23, 2010, the Court imposed a

1

sentence of Three Hundred Sixty (360) months imprisonment, followed by three years of supervised release. ECF No. 235. Petitioner was also ordered to pay restitution in the amount of $5,122,568 and special assessments of $3,300. ECF 231, 235. Petitioner is currently incarcerated at FCI Ashland with a projected release date of January 8, 2034. ECF No. 339, Ex. 5.

On September 9, 2024, Petitioner filed a *pro se* Motion for Compassionate Release. ECF No. 324. On December 16, 2024, Petitioner filed the motion through counsel ECF No. 333. On March 27, 2025, the Government responded in opposition. ECF No. 339.

Petitioner requests a sentence reduction based on his exceptional rehabilitation efforts and outstanding prison record for 15 years and his mother's declining health. Pet'r's Mot. at 2. Petitioner also argues that the First Step Act's "non-retroactive change in law causing [him] to serve significantly more time in secure detention than a similarly sentenced defendant today" justifies a sentence reduction. *Id.* at 1. Accordingly, Petitioner requests that the Court grant him compassionate release and allow him to begin his period of supervised release. *Id.*

## II. LEGAL STANDARD

A petitioner may bring a motion to modify their sentence after they have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the [petitioner]'s behalf or the lapse of 30 days from the receipt of such a request by the warden of the [petitioner]'s facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Accordingly, a petitioner seeking compassionate release has two options after requesting that the Bureau of Prisons ("BOP") bring a motion on their behalf: (1) exhaust their administrative remedies; or (2) wait 30 days from the date of their initial request to the BOP. *United States v. Muhammad*, 16 F.4th 126, 131 (4th Cir. 2021) ("§ 3582(c)(1)(A) outlines two routes – one of which does not require exhaustion of administrative remedies.").

In other words, a petitioner may satisfy the threshold requirement if they "request[] the Bureau of Prisons to bring a motion on their behalf and *either* fully exhaust[] all administrative rights to appeal the Bureau's decision *or* wait[] 30 days from the date of their initial request to file a motion in the district court." *Id.* (emphasis in original). Thus, a petitioner who made a request to the BOP at least 30 days prior may seek compassionate release with the district court whether the BOP has ruled on the request or not. *Id.* (holding petitioner satisfied the threshold requirement by filing his compassionate release motion 149 days after submitting a request to the warden, which the warden denied) (citing *United States v. Garrett*, 15 F.4th 335, 338 (5th Cir. 2021); *United States v. Harris*, 973 F.3d 170, 171 (3rd Cir. 2020); and *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020)). Moreover, the threshold requirement is a non-jurisdictional claim-processing rule, and thus may be waived or forfeited if not timely raised. *Id.* at 129-30 (collecting cases from sister circuits holding the same).

### III. DISCUSSION

The Court finds that it lacks the authority to rule on Petitioner's Motion because Petitioner has not satisfied the threshold requirement. Here, Petitioner alleges that he submitted a request for compassionate release to the warden. Pet'r's Mot. However, the Petitioner has not attached a copy of the request, and the Government argues that the BOP has no record of Petitioner's current request for compassionate release. Resp. Opp'n at 18. The Government alleges that it inquired with the BOP twice and, according to BOP counsel, the Petitioner has not submitted a request for compassionate release. *Id.* Thus, Petitioner has failed to provide documentation to show that he has met the threshold requirement. *See Muhammed*, 16 F.4th at 129 (discussing threshold requirement which "plainly requires [the defendant] to complete certain steps before filing his motion in the district court....").

Accordingly, Petitioner must provide proof from the BOP that he submitted a request for compassionate release at least 30 days before filing for relief in the U.S. District Court. *See United States v. Wilson*, No. 21-7061, 2021 WL 6116837, at *1 (4th Cir. Dec. 27, 2021) (finding the defendant failed to provide "objective evidence to establish his satisfaction of the statutory threshold requirement."). The Court finds no reason to waive the exhaustion requirements since Petitioner had, and still has, ample time to properly comply with § 3582(c)(1)(A). *See United States v. Marshall*, 2020 U.S. App. LEXIS 36134 at *5 (4th Cir. 2020) ("The requirements outlined in § 3582 (c)(1)(A) are mandatory, non-jurisdictional claim-processing rules that must be followed."); *see also Muhammed*, 16 F.4th at 131. Therefore, the Court does not yet have the authority to consider Petitioner's compassionate release request because he has not exhausted his administrative remedies.

## IV. CONCLUSION

For the foregoing reasons, Petitioner's Motion for Compassionate Release is **DISMISSED WITHOUT PREJUDICE**. ECF No. 333. Petitioner may renew his request for compassionate release once he exhausts his administrative remedies.

The Clerk is **DIRECTED** to send a copy of this Order to the Petitioner, the United States Attorney, the United States Probation Office, the Federal Bureau of Prisons, and the United States Marshals Service.

**IT IS SO ORDERED**.

Norfolk, Virginia
October 9, 2025

Raymond A. Jackson
United States District Judge

4